UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C22-5334-MLP <br><br> ORDER |

## I.     INTRODUCTION

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing his alleged sitting limitations and in finding at step four that he could perform his past work as actually and generally performed. (Dkt. # 10 at 1-2.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.     BACKGROUND

Plaintiff was born in 1966, has one year of college education, and has worked as a customer service representative, interpreter services scheduler/dispatcher, and at a hotel front desk. AR at 50, 54, 301. Plaintiff was last gainfully employed in 2017. *Id*. at 68-69.

ORDER - 1

In September 2018, Plaintiff applied for benefits, with an amended alleged onset date of January 1, 2018. AR at 23, 274-86. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 134-37, 140-47. After the ALJ conducted a hearing in April 2021 (*id*. at 41-79), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 23-34.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

*Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.   DISCUSSION

**A.   The ALJ Did Not Err in Assessing Plaintiff's Alleged Sitting Limitations**

The ALJ discussed, *inter alia*, Plaintiff's alleged physical limitations and found that they were not as severe as he alleged because: (1) Plaintiff was able to work despite his physical conditions and stopped working due to mental limitations; (2) many of Plaintiff's objective examination findings were normal and/or improved with treatment; (3) Plaintiff did not receive any treatment for his physical conditions for one year of the adjudicated period (but continued to seek out mental health treatment); and (4) Plaintiff was able to engage in many physical activities inconsistent with his alleged limitations, such as preparing meals, completing household chores, driving, shopping, playing bass guitar, taking art classes, lifting weights, and practicing yoga. AR at 29-31. Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons to discount a claimant's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff presents a narrow challenge to the ALJ's assessment of his testimony, contending that the ALJ failed to explain why she did not fully credit his alleged sitting limitations. (Dkt. # 10 at 12 ("In formulating the [residual functional capacity ("RFC") assessment], the ALJ essentially disregarded [Plaintiff's] testimony that described his difficulty with sitting.").) The ALJ did discuss Plaintiff's allegation of problems sitting, however. *See, e.g.*, AR at 29. Moreover, the ALJ provided multiple reasons to discount Plaintiff's allegations that apply directly to his sitting limitations.

ORDER - 3

First, as noted above, the ALJ found that Plaintiff was able to work with the same neck and back pain issues that he now claims are disabling, referencing his hearing testimony that he was fired due to his mental (rather than physical) limitations. AR at 29. This reason is a clear and convincing reason to discount Plaintiff's testimony. Plaintiff provided minimal testimony regarding his alleged sitting limitations, claiming that he could only sit for 30 minutes before he started to squirm (*id*. at 64-65), but he testified extensively about the mental limitations that caused him to be terminated from his most recent job. *See id*. at 51-60. When asked directly why he was terminated, he attributed this decision to his mental problems. *See id*. at 51. In Plaintiff's function reports, he stated that his "hips cause pain if [he] sit[s] or stand[s] to[o] long" and that he must shift between sitting and standing "often[,]" but he also reported that he spends most of his day sitting and reclining. *See id*. at 322, 327, 356. Plaintiff did not specifically allege that he could not sit for six hours out of an eight-hour workday (as found by the ALJ), and his work activity suggests that he could, given that two of his past jobs required him to sit longer than that. *See id*. at 336-37 (Plaintiff's description of two past jobs requiring 7-8 hours of sitting per day). Plaintiff did tell an agency employee that he stopped working at his interpreter services job because he could no longer sit all day (*id*. at 320), but this statement is contradicted by his hearing testimony indicating that he stopped working due to mental limitations. *See id*. at 51-60. Because the ALJ's reasoning is supported by Plaintiff's hearing testimony, which constitutes substantial evidence, Plaintiff has not shown that the ALJ erred in finding that his ability to physically perform his past work suggests that his physical limitations are not disabling.

Moreover, two of the ALJ's other reasons to discount Plaintiff's allegations also apply to his sitting limitations, and Plaintiff does not challenge these lines of reasoning. The ALJ found that although Plaintiff reported disabling neck and back pain, his physical examinations revealed

ORDER - 4

many normal objective findings and his symptoms improved with treatment (physical therapy, topical ointment, elbow strap). AR at 30. The ALJ also found that Plaintiff's yearlong gap in treatment for his physical conditions also suggests that his physical limitations were less severe than alleged. *Id*. Plaintiff failed to challenge these lines of reasoning in his opening brief, and they provide further support for the ALJ's assessment of Plaintiff's sitting limitations. *See Molina*, 674 F.3d at 1113-14 (holding that a failure to seek treatment can undermine a claimant's allegation of disabling pain); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008) ("The record reflects that Tommasetti responded favorably to conservative treatment including physical therapy and the use of anti-inflammatory medication, a transcutaneous electrical nerve stimulation unit, and a lumbosacral corset. Such a response to conservative treatment undermines Tommasetti's reports regarding the disabling nature of his pain.").

Because the ALJ provided multiple clear and convincing reasons, some unchallenged, to discount Plaintiff's allegation of disabling physical limitations, Plaintiff has not shown that the ALJ erred in assessing his ability to sit.

**B.     The ALJ's Step-Four Error is Harmless**

Plaintiff bears the burden at step four of demonstrating that he or she can no longer perform past relevant work. 20 C.F.R. §§ 404.1512(a), 404.1520(f); *Barnhart v. Thomas*, 540 U.S. 20, 25 (2003). A claimant may be found not disabled at step four based on a determination that he or she can perform past relevant work as it was actually performed *or* as it is generally performed in the national economy. Social Security Ruling ("SSR") 82-61, 1982 WL 31387 (Jan. 1, 1982). The Dictionary of Occupational Titles ("DOT") is considered the best source for determining how past relevant work is generally performed. *See Pinto v. Massanari*, 249 F.3d 840, 845-46 (9th Cir. 2001).

ORDER - 5

In this case, the ALJ found Plaintiff not disabled at step four because he could perform two of his past jobs, customer service representative and interpreter services operator, as actually and generally performed. *See* AR at 33. The ALJ's RFC assessment described Plaintiff as capable of standing/walking for about six hours and sitting for about six hours, in an eight-hour workday with normal breaks. *See id*. at 28. Plaintiff argues that the ALJ erred in finding that he could perform his past jobs, in which he was required to sit longer than six hours per day. (Dkt. # 10 at 3.)

The Commissioner concedes that the ALJ erred in finding that Plaintiff could perform his past jobs as actually performed, given his statements that he sat for 7-8 hours when he performed those jobs. (Dkt. # 11 at 4.) The Commissioner nonetheless contends that this error is harmless because the ALJ properly relied on the testimony of the vocational expert ("VE") that Plaintiff could perform his past work as generally performed. Indeed, the VE testified that a person with Plaintiff's RFC could perform the jobs of customer service representative and interpreter services operator, which are defined in the DOT to be sedentary. AR at 70-71 (referencing DOT 239.362-014, *available at* 1991 WL 672224; DOT 235.662-026, *available at* 1991 WL 672176). Sedentary jobs generally require six hours of sitting per day. *See* SSR 96-9p, 1996 WL 374185, at *3 (Jul. 2, 1996). Thus, the VE's testimony is consistent with the DOT and the ALJ's RFC assessment, and supports the ALJ's step-four finding that Plaintiff could perform his past jobs as generally performed.

Although Plaintiff correctly notes that the VE did not explicitly distinguish between whether Plaintiff could perform his past jobs as actually performed or as generally performed (dkt. # 10 at 6), he has not shown that such specificity is required. The Ninth Circuit does not require that an ALJ obtain VE testimony that delineates between whether a claimant can perform

ORDER - 6

a past job as generally performed and as actually performed. *See Pinto*, 249 F.3d at 845 ("We have never required explicit findings at step four regarding a claimant's past relevant work both as generally performed *and* as actually performed. The [VE] merely has to find that a claimant can or cannot continue his or her past relevant work as defined by the regulations above."). Here, the VE identified the DOT definitions corresponding with Plaintiff's past jobs, correctly stated that the jobs were defined to be sedentary, and testified that a person with Plaintiff's RFC could perform those jobs. AR at 70-71.

The VE's testimony identifying the DOT definitions for Plaintiff's past jobs and opining that a person with Plaintiff's RFC could perform those jobs is substantial evidence that supports the ALJ's step-four finding that Plaintiff is not disabled because he could perform past jobs as generally performed. *See* SSR 82-61, at *2 ("[I]f the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be 'not disabled.'"). The ALJ's error in finding that Plaintiff could perform his past jobs as actually performed is therefore harmless.

## V.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 14th day of October, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge